CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JERITH T. SCOTT,<br>    Plaintiff, | Civil Action No. 7:05cv00310 |
| v. | MEMORANDUM OPINION |
| WARDEN DAVID BRAXTON,<br>et al.,<br>    Defendants. | By: Hon. Glen E. Conrad<br>United States District Judge |

Jerith T. Scott, a Virginia inmate proceeding pro se, has filed objections to the Magistrate Judge's Report and Recommendation of March 21, 2007. For the following reasons, the court will overrule the objections.

Plaintiff filed this civil action under 42 U.S.C. § 1983, seeking monetary damages from fifteen defendants for claims arising out of an incident on June 6, 2004, at Red Onion State Prison.[1] By Memorandum Opinion and Order entered September 28, 2006, the court entered summary judgment in favor of several defendants and dismissed the claims against those defendants. Regarding the merits of plaintiff's remaining claims, the court denied the defendants' motion for summary judgment and referred the case to United States Magistrate Judge Pamela Meade Sargent for appropriate proceedings, pursuant to 28 U.S.C. § 636(b)(1)(B).

The magistrate judge held an evidentiary hearing on January 9, 2007. She issued her Report and Recommendation on March 21, 2007. The parties were given until April 9, 2007, to file objections. Plaintiff did not timely file objections to the Magistrate Judge's Report and Recommendation; however, defendants filed two specific objections. The court reviewed the Magistrate Judge's Report and Recommendation and, on May 2, 2007, the court overruled

---

[1] Plaintiff is currently housed at Sussex I State Prison in Waverly, Virginia.

defendants' objections and adopted in toto the findings of fact and conclusions of law proposed by the Magistrate Judge's Report and Recommendation. Accordingly, the court granted judgment in favor of the defendants as to the plaintiff's excessive force and failure to protect claims.

The court received plaintiff's objections on May 8, 2007. With his objections, plaintiff filed a letter that states that he mailed his "response out to the clerk [sic] office and for some reason it came back saying they were unable to forward due to address being undeliverable." Plaintiff submitted postmarked envelopes that indicate his attempts to mail his objections to the following address on April 9 and 26, 2007: "United States District Court, Office of the Clerk, P.O. Box 398, Abingdon, VA 24212." The correct address for the United States District Court for the Western District of Virginia, Abingdon Division, is "180 West Main Street, Room 104, Abingdon, VA 24210." However, the correct address for filing in the Western District of Virginia in the instant case is "P.O. Box 1234, Roanoke, VA 24006."

Subsequently, plaintiff mailed his objections to the correct address in Roanoke. His objections were postmarked May 4, 2007, and were entered by the court on May 8, 2007. Accordingly, plaintiff failed to timely file objections to the Magistrate Judge's Report and Recommendation. Plaintiff is not excused by his failure to direct his objections to the correct address.[2]

Moreover, assuming arguendo that plaintiff had timely filed his objections, they would fail. The crux of plaintiff's objections is that the force used against him was unnecessary. In plaintiff's view, "the tape of the incident speaks for itself." Plaintiff maintains that the videotape of the incident shows "five officials punching and kicking a [sic] inmate who's restrained with cuffs and shackles."

---

[2] The court notes that plaintiff communicated with the court at the correct address on numerous occasions during the pendency of his case.

2

However, on the basis of the court's review of the videotape of the incident on June 6, 2004, the court reiterates its agreement with the magistrate judge's findings of fact. The recording indicates that, after breaking the sprinkler head in his cell, plaintiff refused to present himself at his cell door for placement in restraints. An extraction team entered the cell to remove plaintiff. A struggle ensued when officers attempted to subdue plaintiff, and plaintiff continued to actively resist being placed in restraints. Plaintiff kicked, swung his arms, and screamed throughout most of the extraction. Some movement of officers' arms can be seen at the start of the extraction effort, but the swinging of arms is mostly attributable to plaintiff. Significantly, no one struck plaintiff after he was placed in restraints and brought to his feet, in clear contradiction to plaintiff's objection and to his testimony at the evidentiary hearing.

Accordingly, plaintiff's objections to the Magistrate Judge's Report and Recommendation of March 21, 2007, will be overruled.

The Clerk is directed to send a certified copy of this opinion and the accompanying order to the plaintiff and to counsel for defendants.

ENTER: This 10th day of May, 2007.

_____
United States District Judge

3

Case 7:05-cv-00310-GEC-PMS   Document 120   Filed 05/10/07   Page 3 of 3   Pageid#: 645